# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cr-00009-LDG-PAL |
| vs. | **ORDER** |
| AARON PEILA, | (Mtn to Reconsider - Dkt. #29) |
| Defendant. | |

This matter is before the court on Defendant Aaron Peila's Motion to Reconsider (Dkt. #29) filed April 16, 2012. The court has considered the Motion, the government's Response (Dkt. #30), and Peila's Reply (Dkt. #32).

On April 3, 2012, the undersigned entered a Report of Findings and Recommendation ("R&R") (Dkt. #27), denying Peila's Motion to Dismiss (Dkt. #22), in which it also considered and denied Peila's attempt to suppress statements and physical evidence related to a probation search of his home. The court found that Peila did not state a legal basis to dismiss the Indictment (Dkt. #1). With respect to Peila's Fourth Amendment arguments, the court found that pursuant to NRS 176.210A, Peila was on probation at the time the state court entered its order sentencing him. The search of Peila's home was a special needs search for Fourth Amendment purposes, and his probation officers had reasonable suspicion to believe Peila was in possession of a firearm based on photographs found on his cell phone showing him holding a firearm and Peila's own admissions. Additionally, because it is undisputed Peila was a convicted felon, his possession of a firearm was also a crime as well as a probation violation. No warrant was required, and Peila's Fourth Amendment rights were not violated.

In the instant Motion, Peila acknowledges his motion to dismiss should have been filed as a motion to suppress. He seeks reconsideration of the court's finding that his Fourth Amendment rights

1 were not violated by the search conducted by state P&P officers. He reiterates arguments made in the
2 original motion that because he had not yet signed a probation agreement, he was not on probation
3 under state law. He reasons that because he had not signed a probation agreement, the search of his
4 residence which uncovered the shotgun involved in this prosecution "is the classic Fruit of the
5 Poisonous Tree Scenario." Motion at 9:14-15 (capitalization in original). He also objects to the court's
6 use of a case from the U.S. Supreme Court to "combat the laws of the State of Nevada." Motion at
7 12:10-11. Counsel believes this court's statement that the Fourth Amendment "protects people not
8 places" is inconsistent with the plain reading of the Fourth Amendment.

He appears to admit one of the cell phones he brought to the probation meeting had a photo "of him holding what is allegedly a firearm of some sort that did not remotely resemble the old Mossberg shotgun that was found at the residence of the Defendant." Motion at 4:2-6. However, he argues that "whatever it was" has not been "authenticated otr produced as a firearm." Motion at 13:10 He disputes making any statement to probation officers that there was a shotgun in his house. The Motion contends that his girlfriend did not consent to a search of his home, but "given the theatrics of the situation, Mr. Peila being handcuffed, she was scared and complied with what the Officers wanted." Motion at 4:16-17. Peila maintains his girlfriend "held onto" the gun found by Officers Chandler and Chaney "because she was terrified of those few scary and creepy individuals that were possibly out to harm [her] and her baby." Motion at 3:18-19.

In response, the government adopts the court's analysis in the Report of Findings and Recommendation and incorporates by reference the arguments asserted in the government's Response to Peila's Motion to Dismiss (Dkt. #22). Peila replies that he "must not have had notice" of the prohibition against possessing a firearm, and in any event, the gun belonged to his girlfriend. Reply at 2:7-8. Although he states he knew probation officers would look through his cell phones, he did not erase pictures of any alleged weapons. This shows he did not know he could not possess any type of firearm. Peila asserts his sentencing judge did not tell him to stay away from firearms, and had Peila been able to attend probation orientation, he would have asked about the gun.

It appears this motion was filed because Peila's girlfriend/finance/mother of his child has been "frantically calling" defense counsel and becoming angry with him because she cannot understand how

Peila can be prosecuted for a shotgun she claims belongs to her. *See* Motion at 4:20-25. However, a motion for reconsideration must must set forth facts or law of a "strongly convincing nature" to convince the court to reverse its previous decision. *See All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Ha. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988). Reconsideration is appropriate where (a) newly discovered evidence exists; (b) the court committed clear error, or the initial decision was manifestly unjust; or (c) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Peila has not identified any newly discovered evidence, intervening change in controlling law, clear error, or manifest injustice. *Id.* The court considered his Fourth Amendment arguments when it entered the R&R. The court's statement that the Fourth Amendment "protects people not places" is a direct quotation from the United States Supreme Court's decision in *Katz v. United States,* 389 U.S. 347, 511 (1967). It is the law, not this court's opinion. His arguments that "this was a shotgun, meant to protect a small woman and her six (6) month old beautiful baby boy" and colorful rhetorical questions about whether it is a probation violation to have "a fully functioning decorative hunting rifle over their fireplace given to them by the Great White Father himself Teddy Roosevelt" do not meet the standard for reconsideration.

For these reasons,

**IT IS ORDERED** that the Motion to Reconsider (Dkt. #29) is DENIED.

Dated this 4th day of May, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3